# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Albert Spotted Wolf,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Leann Bertsch, Robyn Schmalenberger,<br>Kathy Bachmeier, and John J. Hagan,<br><br>　　　　Defendants. | **Order re Plaintiff's "Motion to Amend Defendant," "Request to Defendant's for Further Discovery," "Motion for Order Compelling Discovery," and "Motion to Stay Defendant's Motion for Summary Judgment"**<br><br>Case No. 1:11-cv-026 |

On March 20, 2012, the plaintiff, Albert Spotted Wolf ("Spotted Wolf") filed a "Motion to Amend Defendant," a "Request to Defendant's for Further Discovery Materials Not Disclosed by Defendants," and a "Motion to Stay Defendant's Motion for Summary Judgment," which were filed by Albert Spotted Wolf ("Spotted Wolf"). On May 1, 2012, he filed a "Motion for Order Compelling Discovery."

## I. BACKGROUND

Spotted Wolf is a double amputee presently incarcerated at the North Dakota State Penitentiary (NDSP). He is suing the defendants in both their individual and official capacities for failing to provide him with prosthetic legs. He alleges violations of the Eighth Amendment, the ADA, and the Rehabilitation Act. He seeks injunctive relief along with $5,000,0000 in monetary damages. (Doc. Nos. 17, 17-1).

On August 4, 2011, the court issued a scheduling and discovery order. In relevant part, the order provided the following deadlines: September 15, 2011, for Rule 26(a)(1) disclosures; February 1, 2012, for fact discovery; and December 1, 2012, for motions to amend the pleadings and to join additional parties. (Doc. No. 12).

1

On February 24, 2012, defendants filed a Motion for Summary Judgment asserting a number of defenses, including that Spotted Wolf's disabilities have been properly accommodated and that there has been no violation of the Eighth Amendment. (Doc. No. 19).

Thereafter, Spotted Wolf filed the motions now before the court.

## II.     DISCUSSION

### A.     Motion to add an additional party defendant.

Spotted Wolf received a copy of a nursing note as one of the exhibits supporting the defendants' summary judgment motion. The note read as follows:

> 12/30/11
> Memo to medical payments Committee
> Albert requests bilateral leg prosthesis; we had purchased prosthesis for this inmate during his last incarceration, and he lost the prosthesis at a party. The cost of such item is between $6000-$7000. Albert is doing fine with activities of daily living, and uses the wheelchair to get around. Refer to Dr. Hagan's soap notes regarding this request if necessary. Please advise. Beth Taghon, RN, NDSP Director of Nursing.

(Doc. Nos. 20-11, 21).

Spotted Wolf disputes the veracity of nurse Taghon's note. Believing that defendants' decision to deny his request for prostheses was based in part on the note, he filed a motion on March 20, 2012, seeking leave to join Taghon as a defendant.

Defendants acknowledge that Taghon's note is inaccurate. They have filed an affidavit in support of their Motion for Summary Judgment wherein defendant Bachmeier attests that, contrary to Taghon's note, the Department of Corrections and Rehabilitation ("NDDOCR") had not provided Spotted Wolf with prosthetics during his prior incarceration. See Docket No. 20-2 ¶ 7. Defendants nevertheless oppose Spotted Wolf's motion on the grounds that it is untimely, filed with dilatory motives, and otherwise futile.

Spotted Wolf must obtain leave of court to amend his pleadings. See Fed. R. Civ. P. 15(a)(2). It is generally left to the court's discretion whether to grant leave to amend the pleadings. Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994). Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted. Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 908 (8th Cir. 1999).

It appears from the documents that have been filed that nurse Taghon was one of several persons involved in the process of reviewing (1) what was required to accommodate Spotted Wolf's disabilities in order to comply with the ADA and (2) whether Spotted Wolf's several requests for prosthetics should be granted. However, it does not appear that Taghon was the final decision maker with respect to Spotted Wolf's late 2009 request for prosthetics that is the subject of the nursing note referenced by Spotted Wolf. Rather, it appears defendant Bachmeier made the final decision, subject to Spotted Wolf appealing her decision, first to the Warden and then to the NDDOCR Director, defendant Bertsch, and whether an appeal was taken is not clear from the record. (Doc. Nos. 20-2, 20-11, 20-12).

Also, it appears improbable that nurse Taghon's erroneous statement had any substantial effect on the decision to deny Spotted Wolf's late 2009 request for prosthetics, particularly given that: prosthetics had earlier been determined not to be necessary to accommodate Spotted Wolf's disabilities; the records do not indicate a material change in Spotted Wolf's physical status; the NDDOCR's policy regarding when prosthetics would be supplied; and the substantive reason proffered for the denial of his late 2009 request, which was that Spotted Wolf was doing fine

without prosthetics. (Doc. Nos. 20-1, 20-2, 20-3, 20-4, 20-6, 20-7, 20-8, 20-9, 20-10, 20-12, 20-13). Moreover, a review of the material that the defendants have submitted in support of their summary judgment motion cast substantial doubt on whether Spotted Wolf has a viable claim against any of defendants in their individual capacities. (Id.) And, given nurse Taghon's position at the NDSP, the addition of her as a defendant in her official capacity would add nothing to Spotted Wolf's lawsuit, since there already are defendants of greater rank, including Warden Schmalenberger and NDDOCR Director Bertsch.

Finally, the fact that nurse Taghon made an erroneous statement is not itself actionable under § 1983.

For these reasons, and given that the deadline for adding parties has passed, the court will deny the motion to amend the complaint to include nurse Taghon as an additional party.

### B. Spotted Wolf's motion for additional discovery and for a stay of defendants' motion for summary judgment pending the opportunity to conduct additional discovery

On March 20, 2012, Spotted Wolf filed what is styled as a request for discovery. Therein he stated that "a vital part of requested documentation was not amongst the documents disclosed [by defendants]." (Doc. No. 21). He demanded that the defendants produce any and all documentation in their possession that contains a reference to requests he made for prosthetics, including records reflecting such requests when he was housed at the James River Correctional Center in Jamestown, North Dakota. Defendants did not make a response to this filing, presumably because Spotted Wolf did not explicitly request an order from the court compelling production of the aforementioned documentation.

When defendants did not comply with Spotted Wolf's request, Spotted Wolf filed a "Motion for an Order for Discovery" on May 2, 2012, stating in relevant part the following:

> [Spotted Wolf], filing pro-se, respectfully moves this court for an order pursuant to Rule 37(A) of the Federal Rules of Civil Procedure compelling Defendants . . . to produce for inspection and copying the following documents:
>
> A. On February 12, 2012, Defendant filed with this court a motion for summary judgment wherein, Beth Taghon, listed as a Practitioner, generated a single [nursing note] dated: December 30, 2009, falsely stating that the Defendant had in fact purchased Spotted Wolf, during a previous incarceration bilateral leg prosthesises at a cost of $5,000.00 to $7,000.00 and that Spotted Wolf had lost said legs at a party which characterized him as losing his prosthesis during a drug and/or alcohol fueled episode.
>
> Spotted Wolf submitted a written request for these documents, pursuant to Rule 34 of the Federal Rules of Civil Procedure, on June 6, 2011, and said being duly ORDERED by the United States Magistrate Judge, Charles S. Miller, Jr., on August 4, 2011, but as of yet, Spotted Wolf has not received said documents.

(Doc. No. 32) (errors in original). Defendants filed a response contending that Spotted Wolf made no prior demand for discovery and that his alleged discovery request was actually his proposal for a scheduling and discovery plan. (Doc. No. 33).

While that may be, Spotted Wolf may have also been referring to the court's order that Rule 26(a)(1) disclosures be made by September 15, 2011, given his reference to the court's scheduling and discovery order of August 2, 2011. And whether defendants properly disclosed the records that rely upon in support of their motion for summary judgment pursuant to Rule 26(a)(1), either initially or by a timely supplemental disclosure, is not clear. But it is an academic question, given what the court is inclined to order as set forth below.

Before turning to the relief that will be ordered, the court will address the defendants' objection that further discovery of Spotted Wolf's medical records would now be futile given N.D.C.C. § 12-47-36, which provides in relevant part the following:

5

> The medical, psychological, and treatment records of the department of corrections and rehabilitation or its divisions or departments relating to persons in the custody or under the supervision and management of the division of adult services of the department of corrections and rehabilitation are confidential, and may not be disclosed directly or indirectly to any person, organization, or agency, except as otherwise provided in this section. A district court may order the inspection of medical, psychological, and treatment records, or parts of those records, upon application to the court and a showing that there is a proper and legitimate purpose for the inspection of the records, with service of the application on the department of corrections and rehabilitation and opportunity for the department of corrections and rehabilitation to submit a written response.

N.D.C.C. § 12-47-36(2). Defendants argue that these provisions prohibit disclosure to an inmate of his or her own medical, psychological, and treatment records absent authorization from a state district court. Defendants state that they petitioned the state district court on January 31, 2012, for permission to release Spotted Wolf's medical records and that the state district court issued an order on February 21, 2012, authorizing defendants to (1) file with this court "and serve on Albert Spotted Wolf, in conjunction with a motion or other pleading, Albert Spotted Wolf's medical records in control of the North Dakota Department of Corrections and Rehabilitation," and (2) "introduce as evidence in [in this court], as part of a factual hearing or trial, Albert Spotted Wolf's medical records in control of the North Dakota Department of Corrections and Rehabilitation." (Doc. No. 33-1.). Defendants contend that the state district court's order does not explicitly permit them to turn over Spotted Wolf's medical records in discovery. Then, in anticipation of the argument that defendants can always return to the state district court for additional permission if they believe they need it, they argue they should not be burdened with having to do so, given that they already made one request to the state district court and that they would have included in that request permission to turn over documents to Spotted Wolf if only he had made a timely discovery request.

6

While the court has doubts about the defendants' reading of § 12-47-36(2) as well as the state district court's order,[1] it may very well be good penal policy to restrict prisoners' access to their own medical records in certain instances, and the court does not want to unnecessarily intrude upon the State's prison policies. But certainly there is a practical solution that can be worked out here without having to decide the overarching issue of whether § 12-47-36(2) can trump federal law relating to the discovery of evidence that may be material to the enforcement of federal civil rights. See, e.g. Jordan v. Bellinger, Civ. No. A.98-230, 2001 WL 125338, at *1 (D. Del. Feb. 2, 2001).

In addition to the motion to compel, Spotted Wolf has also filed a motion to stay consideration of defendants' motion for summary judgment until he has had the opportunity to conduct additional discovery in light of what the defendants have submitted in support of their motion for summary judgment. Defendants oppose the motion, except to the extent that they agree Spotted Wolf can have an additional 30 days to respond to their motion for summary judgment. Spotted Wolf then filed a reply in which he reiterates his argument that the medical records used by defendants should have been forthcoming earlier and that he should be provided with the minutes and transcripts of the medical payment committee.

Since defendants have used selected portions of Spotted Bear's medical and institutional records in support of their defenses, and taking into account that Spotted Wolf is proceeding *pro se*, the fact that his claims are not frivolous on their face, and defendants' will not be unduly prejudiced, the court concludes that Spotted Wolf should be allowed the opportunity to inspect the complete sets of his medical records as well as the institutional records related to his disability and that good cause

---

[1] It seems that an equally plausible reading of N.D.C.C. § 12-47-36(2) would be that the prohibition against disclosure of a prisoner's medical records was intended to apply only to third persons and not the subject of the medical records. Also, this court would read the state district court's order as permitting disclosure to Spotted Wolf of any medical records ordered by this court to be disclosed pursuant to motion.

exists for discovery being reopened to this limited extent. Also, the court concludes that Spotted Wolf should not be required to respond to the pending motion for summary judgment until this has been accomplished.

Further, since Spotted Wolf is proceeding *pro se*, he is cautioned that he cannot rely upon statements of fact in his brief as evidence in responding to the motion for summary judgment. For example, if Spotted Wolf wants to discuss what he cannot do without prosthetics, he must include this information in a sworn statement, which can either be an affidavit or an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The benefit of the latter is that it does not have to be notarized and only requires the following phrase at the end of the statement, just before the signature and date: "I declare under penalty of perjury that the foregoing is true and correct."

### III. ORDER

Based on the foregoing, it is hereby ordered as follows:

1. Spotted Wolf's "Motion to Amend Defendant" (Doc. No. 21) is **DENIED**.

2. Spotted Wolf's "Request to Defendant's for Further Discovery Materials Not Disclosed by Defendants" (Doc. No. 23); "Motion for Order Compelling Discovery" (Doc. No. 32); and "Motion to Stay" (Doc. No. 22) are **GRANTED IN PART** as follows:

   a. Defendants shall by August 30, 2012, make available for Spotted Wolf's inspection and use in any response to defendants' motion for summary judgment the following:

      (1) Spotted Wolf's NDDOCR medical records, from and after the commencement of his custody in 2007;

(2) Any NDDOCR records reflecting Spotted Wolf's disabilities, including requests for prosthetics and records addressing or taking action on these requests, from and after the commencement of his NDDOCR custody in 2007.

If there are selected records that defendants believe are inappropriate for Spotted Wolf's inspection, defendants may submit them to the court *in camera* for a ruling. And more generally, if defendants believe they cannot work out inspection of the records that the court is ordering being disclosed given the state statute and state district court order they have cited, then all of the records shall be filed with the court under seal and a hearing will be conducted to determine which documents Spotted Wolf will be allowed to inspect and use. Hopefully, this will not be necessary.

b. Spotted Wolf shall have until October 31, 2012, to file a response to the motion for summary judgment.

**IT IS SO ORDERED.**

Dated this 31st day of July, 2012.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr.
> United States Magistrate Judge